Justin Cilenti, Esq.
Peter Hans Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTEMIO VIDALS SANCHEZ, *on behalf of himself and others similarly situated*,<br><br>                                      Plaintiff,<br><br>    -against-<br><br>HL SUPERMARKET, INC.<br>*and* JOHN LIN, *individually*,<br><br>                               Defendants. | Case No.:  **22 CV 5881**<br><br>**COMPLAINT in an FLSA ACTION**<br><br>ECF Case<br><br>Jury Trial Demand |

Plaintiff, Artemio Vidals Sanchez ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, HL Supermarket, Inc., located at 6722 Fort Hamilton Parkway, Brooklyn, New York 11219, or any other business entity doing business as HL Supermrket, at 6722 Fort Hamilton Parkway, Brooklyn, New York 11219 (herein, "HL Supermarket"); and John Lin, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid

wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and, 1337, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## THE PARTIES

### THE PLAINTIFF

5.      Plaintiff is an adult resident of Kings County (Brooklyn) in New York City.

6.      Plaintiff was an employee of "HL Supermarket", through corporate entities, located at 6722 Fort Hamilton Parkway, in Kings County, New York, between January 20, 2020 and September 26, 2022, without interruption.

7.      Plaintiff and other similarly situated employees, worked for the corporate and individual defendants.

### THE DEFENDANTS

8.      At relevant times, Defendant, HL Supermarket, Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, located at 6722 Fort Hamilton Parkway, Brooklyn, New York 11219.

9.      Defendant John Lin is an owner, shareholder, officer, director, supervisor, and/or managing agent, of the corporate defendant, who actively participated, and continues to participate in the day-to-day operations of the corporation, and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with HL Supermarket.

10.      The individual defendant John Lin, exercised control over the terms and conditions of Plaintiff's employment in that he had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff's, and (v) otherwise affect the quality of his employees' employment.

11.      At all times relevant to this action, Defendant John Lin, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

12.      Defendant John Lin exercised sufficient control over  HL Supermarket's day-to-day operations as to be considered an employer of  the Plaintiff and others similarly situated, under the FLSA and New York Labor Law.

13.      Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on

goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of not less than $500,000.

14.     Defendants employed Plaintiff and approximately sixty (60) other persons at any given time, in Kings County, New York.

15.     The work performed by Plaintiff and others similarly situated was directly essential to the grocery store business operated by the corporate and individual Defendants.

16.     At relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, and others similarly situated, lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

18.     At all times relevant to this action, the corporate defendant has operated a large grocery store called "HL Supermarket" in New York City.

## STATEMENT OF FACTS

19.     Plaintiff, Artemio Vidals Sanchez, was employed by Defendant HL Supermarket Inc., in Kings County, New York, as a stock person and general helper in the produce department and in approximately five (5) aisles in the grocery store beginning in January 2020 through September 26, 2022, without interruption.

20.     During his employment, Plaintiff Artemio Vidals Sanchez worked over forty (40) hours per week.

21.     Throughout his employment, Plaintiff Artemio Vidals Sanchez worked six (6) days per week. He was scheduled to work 7:30 a.m. to 5:00 p.m., or sometimes later, with a

thirty (30) minute break. He worked a nine (9) hour shift six (6) days per week, for a total of at least fifty-four (54) hours per week.

22.     Throughout his employment, Plaintiff Artemio Vidals Sanchez was paid a weekly salary. His salary was initially seven hundred dollars ($700.00) per week, the equivalent of an hourly rate of $12.96, for all hours worked.

23.     Beginning in April 2022 Plaintiff Artemio Vidals Sanchez's weekly salary was increased to seven hundred twenty-five dollars ($725.00) per week, the equivalent of an hourly rate of $13.42, for all hours worked.

24.     Plaintiff Artemio Vidals Sanchez was not paid hourly for all hours worked; his designated hourly rate was below the New York State minimum wage, and he was not paid "overtime compensation" at time and a half the applicable minimum wage for work in excess of forty (40) hours each week.

25.      At all relevant times, Plaintiff Artemio Vidals Sanchez, and others similarly situated, were paid partly by check and partly by cash.

26.     The information on Plaintiff's wage statement was false.

27.     Plaintiff and other similarly situated employees, were paid less than the applicable minimum wage.

28.     At all times throughout their employment, work performed above forty (40) hours per week was not paid at time and one-half the applicable minimum wage, as required by state and federal law.

29.     Plaintiff was not provided with true and accurate wage statements, detailing his hours worked, hourly rate of pay, the basis for his compensation, itemizing any withholdings, and setting forth his net pay.

30. Plaintiff was paid a part of his wages in cash and was required to sign for receipt for the cash he received, on a weekly basis.

31. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the FLSA overtime rate (of time and one-half) or the New York State minimum wage or overtime rate (of time and one-half) to Plaintiff for work performed over forty (40) hours in a workweek.

32. Plaintiff was not provided an accurate "wage statement" with his weekly compensation.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

33. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and others similarly situated, are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and others similarly situated within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

37. Plaintiff and others similarly situated worked hours for which they were not paid minimum wages.

38.     Plaintiff and others similarly situated were entitled to be paid at the rate of time and one-half the applicable minimum wage, for all hours worked in excess of forty (40) each workweek.

39.     The Defendants failed to pay Plaintiff and others similarly situated wages for all hours worked, minimum wages, and overtime compensation, at all relevant times, in the lawful amount for all hours worked.

40.     At all relevant times, the Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and others similarly situated for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

42.     The Defendants have failed to make, keep and preserve accurate records with respect to Plaintiff and other employees, sufficient to determine the wages, hours and other conditions and practices of employment, in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

43.     Records concerning the number of hours worked by Plaintiff and the actual compensation paid may be false or inaccurate.

44.     Defendants failed to properly disclose or apprise Plaintiff and others similarly situated of their rights under the FLSA.

45.     As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

46.     Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

47.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

48.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49.     At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

50.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay minimum wages in the lawful amount for all hours worked.

51.     The corporate and individual Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

52.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid minimum wages; unpaid overtime wages;  reasonable attorneys'

fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**

**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

53.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

55.     Plaintiff was not provided with a proper, written, wage notice, as required by law.

56.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

57.     Defendants did not provide Plaintiff, with an accurate written statement properly accounting for his actual hours worked and setting forth his true hourly rate of pay, regular wages, and/or overtime wages.

58.     Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

59.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

60.     Plaintiff was not provided with true and accurate wage notices as required by law.

61.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

62.    Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

63.    As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiff may recover damages of one hundred dollars for each work week Defendants failed to provide wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

64.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid wages, minimum wages, and overtime due under the FLSA and New York Labor Law;

(b)    An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(c)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of prejudgment and post-judgment interest;

(e)     An award of costs and expenses associated with this action, together with

reasonable attorneys' fees;

(f)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully

demands a trial by jury on all issues.

Dated: New York, New York
       October 3, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
E-mail pcooper@jcpclaw.com

By:  _____
        Peter Hans Cooper (PHC 4714)

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     John Lin

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Artemio Vidals Sanchez intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of HL Supermarket, Inc., located at 6722 Fort Hamilton Parkway, Brooklyn, New York 11219, for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
        October 3, 2022

Respectfully submitted,

By:     _____
        Peter Hans Cooper (PHC 4714)

        CILENTI & COOPER, PLLC
        **Counsel for Plaintiff**
        60 East 42nd Street – 40th Floor
        New York, NY 10165
        Telephone  (212) 209-3933
        Facsimile (212) 209-7102
        E-mail: pcooper@jcpclaw.com

12

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Artemio Vidals Sanches_____, am an employee currently or

formerly employed by _____HL Supermarket_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____September 26_____, 2022

_____